UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| | : CIVIL ACTION NO. _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CALPINE CORPORATION, | : |
| | : |
| Defendant. | : |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the SEC).

2. Plaintiff, a shareholder in Defendant Calpine Corporation, seeks an injunction to prevent a vote by its shareholders on Management Proposal 5 in the 2017 Proxy Statement for the annual meeting of Calpine shareholders scheduled for May 10, 2017. The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Management Proposal 5 requests that the shareholders approve the 2017 Equity Incentive Plan ("2017 Plan"), which proposes to allow Calpine to award 23,000,000 new shares to participants in the plans. But it is unclear how many participants are in the plan and why they

are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4. Proposal 5 of the 2017 Proxy Statement fails to disclose the classes of eligible participants, their approximate number, and the basis of their participation in the 2017 Equity Incentive Plan. Thus, the 2017 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

6. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

7. Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

8.Plaintiff is, and has been continuously since June 11, 2014, a holder of Calpine common stock.

9.Calpine is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended December 31, 2016. As of March 13, 2017, it had 361,008,055 shares of common stock outstanding. Calpine's common stock is traded on the New York Stock Exchange under the symbol CPN. Calpine is a power company with 80 power plants primarily in the U.S.

## WRONGFUL ACTS AND OMISSIONS

10.Calpine has scheduled the annual shareholders' meeting for May 10, 2017. On March 29, 2017, it furnished its shareholders with the 2017 Proxy Statement to solicit their proxies for seven management proposals, one shareholder proposal (if properly presented), and to transact other business that may properly come before the annual meeting.

11.Management Proposal 5 requests that the shareholders approve the 2017 Plan, including 23,000,000 newly authorized shares, which Calpine will be able to grant to participants in the plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Calpine stockholders to understand how many participants there are in the plan or why they are eligible for such shares.

12.Because Management Proposal 5 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2017 Proxy Statement to disclose certain information concerning the 2017 Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a)   Plans subject to security holder action.
>
>   (1)   Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2017 Proxy Statement omits these disclosures.

13.   Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Management Proposal 5 only tells stockholders the following about who will receive these awards:

> *Eligibility.* Awards may be granted under the 2017 Equity Incentive Plan to such executives, employees and consultants of the Company and its affiliates as may be determined by the Compensation Committee, as well as those reasonably expected to become employees or consultants following the grant date. Only our employees or employees of our parent or subsidiaries are eligible to receive incentive stock options.

14.   Nowhere in the 2017 Proxy Statement does Calpine disclose the number of "executives, employees and consultants of the Company and its affiliates" or "those reasonably expected to become employees or consultants following the grant date." It is entirely unclear from the 2017 Proxy Statement how many participants will be awarded the 23,000,000 newly authorized shares or the basis of their receipt of such awards.

15.   This contravention of the SEC rules renders the 2017 Proxy Statement unlawful under § 14(a) of the Exchange Act.

16.   The 23,000,000 newly authorized shares that will be available under the 2017 Plan are not the only shares that will be available under this plan. To wit, the 2017 Plan is replacing the 2008 Equity Incentive Plan, Calpine's current equity compensation plan. The 2008

Equity Incentive Plan has approximately 387,615 shares remaining for grants, and, according to Management Proposal 5, these remaining shares will be added to the 2017 Plan if it is approved. As such, the 2017 Plan will allow for approximately 23,387,615 shares to be awarded immediately after the stockholder vote. When awarded, these shares will constitute approximately 6% of all Calpine shares.

17. Some of these shares may not be available for awards that immediately vest, but may be subject to a one-year vesting requirement. But 5% of these 23,387,615 shares "may be issued as Awards that do not comply with the applicable one year minimum vesting requirements set forth in the 2017 Equity Incentive Plane." Thus, 1,169,380 shares can be awarded and vest immediately following a stockholder vote approving the 2017 Plan. In addition, although the remaining 95% of awards are supposed to be subject to a minimum one-year vesting requirement, this is not a hard requirement because "the Compensation Committee is not prevented from accelerating the vesting of any Award in accordance with any of the provisions set forth in the 2017 [] Plan."

18. The preceding paragraphs state a direct claim for relief against Calpine under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

19. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm on Management Proposal 5 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the 2017 Plan allows for over 1 million shares to be granted to an unknown number of "executives, employees and consultants of the Company and its affiliates" or "those reasonably expected to

5

become employees or consultants following the grant date" and immediately after this vote and then immediately vest.  Unwinding these awards will be impossible.

20. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 5.

21. Consequently, Calpine should be enjoined from presenting Proposal 5 for a stockholder vote at the May 10, 2017 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Calpine shareholder in connection with Proposal 5 in the 2017 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Calpine from

    (i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Calpine shareholder in connection with Proposal 5 in the 2017 Proxy Statement;

    (ii) presenting Proposal 5 for a shareholder vote at the May 10, 2017 annual meeting;

B. A preliminary and permanent injunction requiring Calpine to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1).

C. Otherwise proceeding at its May 10, 2017 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

D.  Awarding such other and further relief as this Court deems just and proper.

**BARRACK, RODOS & BACINE**

By: /s/ A. Arnold Gershon
A. Arnold Gershon
Michael A. Toomey
Eleven Times Square
640 8th Ave., 10th Floor 10036
New York, NY 10022
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Attorneys for Plaintiff*